UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JANE K.K. DOE**,

    Plaintiff,

vs.

**THE GRAND COMPANY, LLC**,; *a Michigan limited liability company;*
**ZAHER MANAGEMENT COMPANY, LLC**, *a Michigan limited liability company*;
**ZAHER INVESTMENT GROUP, LLC**, *a Michigan limited liability company;*
**LIONS GATE DEVELOPMENTS, LLC,** *a Michigan limited liability company;*
**RAJI JOSEPH ZAHER**, *an individual in his personal and official capacity*;
**JOSEPH ZAHER**, *an individual in his personal and official capacity;*
and **ROBERT ZAHER**, *an individual in his personal and official capacity*,

    Defendants.

Case No: 18-cv-
Hon.

_____

**DEBORAH GORDON LAW**
**Deborah L. Gordon (P27058)**
**Elizabeth Marzotto Taylor (P82061)**
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
_____

**JURISDICTION AND PARTIES**

1

1.      This is an action by Plaintiff Jane K.K. Doe against Defendants for sex harassment and discrimination in violation of Title VII, 42 U.S.C. §2000(e), *et. seq.*.

2.      Plaintiff Jane K.K. Doe is an individual domiciled in the State of Michigan. She is solely a resident and citizen of the State of Michigan.

3.      Defendant The Grand Company, LLC ("Defendant The Grand Co.") is a limited liability company doing business in this District, and which is incorporated and with its principal place of business in Michigan.

4.      Defendant Zaher Management Company, LLC ("Defendant Zahar Management") is a limited liability company doing business in this District, and which is incorporated and with its principal place of business in Michigan.

5.      Defendant Zaher Investment Group, LLC ("Defendant Zahar Investment") is a limited liability company doing business in this District, and which is incorporated and with its principal place of business in Michigan.

6.      Defendant Lions Gate Developments, LLC ("Defendant Lions Gate") is a limited liability company doing business in this District, and which is incorporated and with its principal place of business in Michigan.

7.      Defendant Raji Joseph Zaher ("Defendant R.J. Zaher") is an individual, and, upon information and belief, is domiciled in and a citizen of Michigan.

8. Defendant Joseph Zaher ("Defendant Joseph Zaher") is an individual, and, upon information and belief, is domiciled in and a citizen of Michigan.

9. Defendant Robert Zaher ("Defendant Rob Zaher") is an individual, and, upon information and belief, is domiciled in and a citizen of Michigan.

10. The events underlying this action occurred in this District.

11. This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as substantial events or omissions giving rise to Plaintiff's claims occurred within its boundaries. Specifically, this District is where Plaintiff's regular employment and office were, and were instances of harassing and discriminatory conduct occurred.

## BACKGROUND FACTS

13. Plaintiff, a 19-year-old college student at a State University began working for the Defendant companies and R.J. Zaher in May 2018 as a summer intern at the rate of $12.00 per hour.

14. At all relevant times, Plaintiff's direct supervisors included Defendants R.J. Zaher, Rob Zaher and Joseph Zaher, all of whom were at least 30 years older than Plainitff.

15. From the beginning of and throughout her employment with Defendants, Plaintiff was subjected to unwanted and illegal sexual harassment and sexual assault.

16. Defendant R.J. Zaher began by touching Plaintiff around the waist, and broaching sexual topics of conversation with Plaintiff.

17. Defendant R.J. Zaher often subjected Plaintiff to offensive, sexualized remarks about her body, including referring to her by the nickname with regard to her "booty."

18. Defendant Rob Zaher told Plaintiff that, unless the office doors were locked, someone could come into the office and rape Plaintiff.

19. Defendant Rob Zaher stated, among other comments, that maintenance workers and customers were coming into the office where Plaintiff worked to look at her body, and suggested that she could become a stripper if she did not return to college.

20. Defendant R.J. Zaher urged Plaintiff on multiple occasions to go with him to a strip club. She resisted.

21. In order to intimidate Plaintiff into subjecting herself to this unwanted harassment, Defendant R.J. Zaher told Plaintiff how powerful he was in the community, and explained that he had politically powerful friends, and was connected with the local police.

4

22. In July, 2018, Defendant R.J. Zaher told the office that he was attending a work-related meeting, and that Plaintiff would take her lunch break at the same time.

23. Privately, Defendant R.J. Zaher instructed Plaintiff to follow him to a third location, the Déjà Vu Club, a strip club in Flint, Michigan.

24. Inside the strip club, Defendant R.J. Zaher took Plaintiff to a secluded area, and subjected her to lewd, lascivious behavior, including physical touching of the most intimate nature which he participated in.

25. Afterward, Defendant R.J. Zaher told the office that Plaintiff had attended a doctor's appointment. He told Plaintiff that she, "did a good job in there," and warned her not to tell her parents about what had occurred.

26. Within the next two weeks, Defendant R.J. Zaher directed Plaintiff to the Déjà Vu Club again.

27. Defendant R.J. Zaher again took Plaintiff to a secluded area and engaged in acts similar to those described above.

28. Plaintiff was again immobilized by her fear and mental anguish.

29. Shortly thereafter, R.J. Zaher left town to go on a vacation.

30. After R.J. Zaher left town, in or around the first week of August 2018, Plaintiff psychologically broke down, and told her parents about the harassment and assault. Plaintiff subsequently did not return to work.

31. Defendants' unwelcome communications and actions towards Plaintiff had the effect of substantially interfering with her employment and creating a hostile and offensive employment environment.

32. Plaintiff obtained a Right to Sue letter regarding her claims from the Equal Employment Opportunity Commission, on or about September 27, 2018.

## COUNT I
### Harassment and Hostile Work Environment in Violation of Title VII
*as against all Defendants*

33. Plaintiff repeats and realleges all foregoing paragraphs as if they were set forth fully herein.

34. At all relevant times, Plaintiff was an employee and Defendants were her employers within the meanings set forth in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et. seq.* ("Title VII").

35. During the course of Plaintiff's employment, Defendants subjected Plaintiff to unwelcome comments, speech, touching, and other actions of an offensive and sexual nature, and by their words and conduct, made Plaintiff's subjection to the same a term or condition of her employment.

36. Defendants' treatment of Plaintiff was severe and/or pervasive and created a hostile work environment.

37. Defendants' actions were based on Plaintiff's sex.

38. Defendants' unwelcome comments and contact were intentional and willful, in deliberate disregard of, and with reckless indifference to the rights and sensibilities of Plaintiff.

39. As a direct and proximate result of Defendants' unlawful conduct described above, the terms, conditions and privileges of Plaintiff's employment were adversely affected.

40. As a direct and proximate result of Defendants' unlawful conduct described above, Plaintiff was unable to return to work after the first week of August 2018.

41. As a further direct and proximate result of Defendants' unlawful conduct described above, Plaintiff has sustained injuries and damages including but not limited to the loss of earnings and earning capacity; mental and emotional distress, including anxiety and mental anguish, humiliation and embarrassment; loss of personal and professional reputation; and loss of the ordinary pleasures of everyday life.

## RELIEF REQUESTED

For all the foregoing reasons, Plaintiff demands judgment against Defendants as follows:

A. **LEGAL RELIEF**

    1. Compensatory, economic and noneconomic damages in whatever amount she is found to be entitled;

    2.    Exemplary damages in whatever amount she is found to be entitled;

    3.    Punitive damages in whatever amount she is found to be entitled;

    4.    A judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled; and,

    5.    An award of interest, costs and reasonable attorney fees.

**B.    EQUITABLE RELIEF**

    1.    A declaratory judgment establishing that Defendants violated Plaintiff's rights;

    2.    An injunction ordering Defendants to correct the false representation;

    3.    An injunction prohibiting further unlawful acts;

    4.    An award of interest, costs, and reasonable attorney fees; and

    5.    Any other equitable relief that is appropriate.

Dated: October 5, 2018    **DEBORAH GORDON LAW**
/s/Deborah L. Gordon (P27058)
Elizabeth A. Marzotto Taylor (P82061)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

## JURY DEMAND

Plaintiff Jane K.K. Doe, by and through her attorneys Deborah Gordon Law, hereby demands a trial by jury of all the issues in this case.

                              **DEBORAH GORDON LAW**
                              /s/Deborah L. Gordon (P27058)
                              Elizabeth A. Marzotto Taylor (P82061)
                              Attorneys for Plaintiff
                              33 Bloomfield Hills Parkway, Suite 220
                              Bloomfield Hills, Michigan 48304
                              (248) 258-2500
                              dgordon@deborahgordonlaw.com
                              emarzottotaylor@deborahgordonlaw.com

Dated:  October 5, 2018